UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SUSAN P. MAHARA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:19-CV-187 RLM |
| | ) | |
| ANDREW M. SAUL, COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant | ) | |

<u>OPINION AND ORDER</u>

Susan Mahara filed a motion for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, after the court reversed the Commissioner's decision denying her application for disability benefits and remanded the case for further proceedings. Ms. Mahara's attorneys, Ann Trzynka and Joseph Shull, initially requested compensation for 94 hours of work at an adjusted hourly rate of $206.00, for a total of $19,364.00 ($10,135.20 for Ms. Trzynka's services and $9,228.80 for Mr. Shull's), together with cost in the amount of $420.55. Mr. Shull later amended the request to include the time he expended replying to the Commissioner's objections (20.15 hours at $206.00 per hour), and now seeks a total of $23,514.90 in fees ($10,135.20 for Ms. Trzynka's services and $13,379.70 for Mr. Shull's) and costs.

The court may award reasonable fees and expenses under the EAJA (1) if the claimant is a prevailing party, (2) the government's position was not

substantially justified; (3) there are no "special circumstances" that make an award unjust; and (4) the fee application is timely filed and supported by an itemized statement. Conrad v. Barnhart, 434 F.3d 987, 989 (7th Cir. 2006); Golembiewski v. Barnhart, 382 F.3d 721, 723-224 (7th Cir. 2004); 28 U.S.C. 2412(d)(1)(A),(B).

The Commissioner contends that: (1) Ms. Mahara isn't eligible for any fees because the Commissioner's position was substantially justified; (2) the adjusted hourly rate Ms. Mahara's counsel seeks is unreasonable because it's based on a national Consumer Price Index instead of the regional index and attorney Patrick Proctor's affidavit in support of the fee petition doesn't establish a prevailing market rate in the community for attorneys of comparable skill and experience; and (3) the time spent by Mr. Shull was excessive, unnecessarily duplicative, and unreasonable. If the court finds that its position wasn't justified, the Commissioner asks the court to reduce the hours Mr. Shull billed for the reply brief by half (from 32.9 hours to 16.5 hours); to reduce the hours he expended in preparing Ms. Tryznka for oral argument by 75% (from 16.5 to 4.1), and to exclude any time Mr. Shull spent in curing deficiencies in the fee petition. Mr. Shull vehemently objects to any reduction in the adjusted hourly rate he and Ms. Tryznka seek or to the hours he's expended on behalf of Ms. Mahara, and filed a 16 page reply, affidavits from other attorneys attesting to the rates they charge and what they think of Mr. Shull's hourly rate, and a supplemental motion for fees

in the amount of $4,150.90.

The Commissioner's position in this case was not substantially justified. His final decision was based largely on the same findings and conclusions that the court rejected in Ms. Mahara's earlier case, *see* <u>Mahara v. Berryhill</u>, Cause No. 1:15-CV-328-PPS-SLC (N.D. Ind. Feb. 17, 2017). The weight accorded the opinions offered by Ms. Mahara's treating physicians, specifically Dr. Ailinani, was at the heart of both appeals, and the arguments made and the reasons given for reversing and remanding the Commissioner's decision in both cases were strikingly similar.

The $206.00 adjusted hourly rate Ms. Trzynka and Mr. Shull seek is neither excessive nor unreasonable given their experience. The affidavits submitted in support of the original motion for fees support the adjusted rate request, *see* <u>Sprinkle v. Colvin</u>, 777 F.3d 421, 428 (7th Cir. 2015) ("claimants must produce evidence that the rate they request is in line with those prevailing in the community for similar services by lawyers of comparable skill and experience"), as do the unopposed fee petitions Ms. Trzynka has filed in similar cases in this court in 2020.

The Commissioner's objections to Mr. Shull's time on the reply and oral argument and in defending his fee request are well-taken. Ms. Tryzynka reportedly asked for Mr. Shull's help with the reply because she was busy with other matters and he was familiar with the case, having represented Ms. Mahara in her first

appeal. The decision to employ a second attorney to draft the reply was a matter of discretion and convenience, not necessity, and Mr. Shull's role in the litigation was minimal and unnecessarily duplicative. It required an unreasonable expenditure of time on Mr. Shull's part to refamiliarize himself with the case and review the record and prior filings. The issues presented were neither complex, nor difficult, and were, in many respects, identical to those raised in the first appeal, but Mr. Shull spent more than 32 hours drafting a reply – well in excess of what would have been required had Ms. Trzynka requested an extension of time and drafted the reply herself.

Mr. Shull's time in preparing for oral argument and responding to the Commissioner's objections to the fee petition also appears to be excessive and unreasonable. Ms. Trzynka is an experienced attorney, well-versed in Social Security law, who knew the procedural history and facts in this case, and the issues that needed to be addressed at the hearing on March 9. Mr. Shull didn't appear at that hearing or participate in the oral argument, and hasn't shown that the time he spent in assisting Ms. Trzynka with her argument was reasonable and necessary, so the 75 percent reduction in hours requested by the Commissioner is both fair and reasonable.

Two of the three objections the Commissioner made to the motion for fees were conclusory and required little in the way of a response, and yet Mr. Shull spent 20.15 hours responding to those objections and defending what the court

4

has determined to be an excessive and unreasonable request for fees on his part. Those excess hours couldn't reasonably have been billed to Ms. Mahara, and can't be billed to the Commissioner. *See* Hensley v. Eckerhart, 461 U.S. 424, 424 (1983). A 50 percent reduction in the number of hours expended in defending the fee petition is warranted.

No objections were made to Ms. Trzynka's hours, which the court finds to be both reasonable and necessary given the procedural history and issues presented in this case.

For the foregoing reasons, the court:

(1)  GRANTS the plaintiff's motion for fees [Doc. No. 18] to the extent it seeks an award of fees under the EAJA at an hourly rate of $206.00;

(2)  REDUCES the number of hours reasonably expended by Mr. Shull from 64.95 to 25.95;

(3)  AWARDS Ms. Mahara $15,480.90 in reasonable attorneys' fees ($10,135.20 for Ms. Trzynka's services and $5,345.70 for Mr. Shull's services); and

(3)  GRANTS Ms. Mahara's unopposed motion for costs in the amount of $420.55 [Doc. No. 20].in costs.

SO ORDERED.

ENTERED:   October 19, 2020

/s/ Robert L. Miller, Jr.
Judge, United States District Court
Northern District of Indiana